```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
NORTHFIELD INSURANCE CO.,                                   :    ORDER TO SHOW CAUSE
                                                            :
                                    Plaintiff,              :    21-cv-01775 (BMC)
                                                            :
                - against -                                 :
                                                            :
GM STAR CONSTRUCTION, INC., et al.,                         :
                                                            :
                                    Defendants.             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff filed this action seeking judgment as to its contractual obligations, if any, to defendants under an insurance policy. Plaintiff does not expressly assert the basis for this Court's subject matter jurisdiction but presumably alleges jurisdiction based on diversity of citizenship between the parties. Plaintiff, however, did not allege the two defendant LLCs' citizenship. Instead, plaintiff alleges "[u]pon information and belief" that the two LLC defendants are each a New York limited liability corporation with a principal place of business in New York.

I must address the issue of subject matter jurisdiction *sua sponte*, see Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), and I conclude that plaintiff has not adequately alleged jurisdiction. The citizenship of an unincorporated association like a limited liability company is not tied to the state in which it is formed or has its principal place of business; rather, a limited liability company takes the citizenship of each of its members. See, e.g., Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000)). Plaintiff alleges the defendant LLCs' state of formation and principal place of business, but those

allegations are immaterial to defendants' citizenship. Plaintiff's allegation that one of the LLCs "members are domiciliaries of New York" is conclusory, and plaintiff does not even allege that much for the other LLC defendant.

A complaint or notice of removal is defective if it fails to name the identity and citizenship of the members of an unincorporated association. As the Second Circuit observed in Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 60 (2d Cir. 2016), an allegation that an LLC "is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory." An allegation like that posed by the Circuit does not meet the plausibility standard for substantive allegations under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and there is no reason why jurisdictional allegations – the fundamental building blocks on which the power of the federal courts rests – should be treated more casually. Thus, district courts in this Circuit regularly hold that allegations that a party is a citizen of a different state, or that none of the members of a defendant limited liability company are citizens of the same state as the plaintiff, are insufficient to invoke diversity jurisdiction. See Go Farm Hemp, LLC v. Canopy Growth USA, LLC, No. 19-cv-1370, 2019 WL 5842908, at *2 (W.D.N.Y. Nov. 7, 2019); Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport, LLC, No. 18-cv-3521, 2019 WL 1491959, at *2 (E.D.N.Y. Apr. 4, 2019); see also Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC, No. 20-cv-731, 2020 WL 7711629, at *2 (S.D.N.Y. Dec. 29, 2020) (collecting cases).

There is a fundamental need for parties to adequately allege subject matter jurisdiction. As Chief Justice Marshall explained: "The decisions of [the Supreme Court] require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred, argumentatively,

from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). That principle still holds true today. See, e.g., Lettman, 2019 WL 2504015, at *1 (citing Brown, 33 U.S. at 114).

No doubt, the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves a limited liability company. States generally do not require disclosure of ownership interests in a limited liability company or a limited partnership, unlike their treatment of a corporation's state of incorporation or its principal place of business. Indeed, one reason that individuals entering a business may choose an unincorporated form is to avoid disclosure of ownership interests. See generally The Opaque World of Ownership by L.L.C., N.Y. Times, May 1, 2018, at B1.[1]

But at least when it comes to citizenship for diversity purposes, that is the way Congress wants it. Congress granted a special citizenship status to corporations that could be ascertained from public records, and despite the increasing use of unincorporated entities as business vehicles over the last 30 years, Congress has not amended the diversity statute to treat such

---

[1] A version of this article appears online. See Emily Badger, Anonymous Owner, L.L.C.: Why It Has Become So Easy to Hide in the Housing Market, N.Y. Times, Apr. 30, 2018, https://www.nytimes.com/2018/04/30/upshot/anonymous-owner-llc-why-it-has-become-so-easy-to-hide-in-the-housing-market.html.

entities in the same way as corporations for general diversity purposes.[2]

Plaintiff is ORDERED TO SHOW CAUSE within 7 days why this case should not be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       April 1, 2021

---

[2] In fact, Congress has determined to treat limited liability companies like corporations for diversity purposes in one instance – under the Class Action Fairness Act. See Pub. L. No. 109-2, § 4(a), 119 Stat. 4, 9 (2005) (adding a new § 1332(d) and stating that, for purposes of that section, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").