```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
NORTHFIELD INSURANCE CO.,                                   :   MEMORANDUM DECISION
                                                            :   AND ORDER
                                Plaintiff,                  :
                                                            :   21-cv-01775 (BMC)
                - against -                                 :
                                                            :
GM STAR CONSTRUCTION, INC., et al.,                         :
                                                            :
                                Defendants.                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff filed this action seeking judgment as to its contractual obligations, if any, to defendants under an insurance policy. Plaintiff alleged jurisdiction based on diversity of citizenship between the parties but failed to allege the citizenship of the defendant limited liability company.[1] Plaintiff alleged "[u]pon information and belief" that defendant Prince Street Investment Company, LLC was a New York limited liability corporation with a principal place of business in New York, but failed to allege the identity or citizenship of any of its members. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (an LLC takes the citizenship of each of its members). I issued an order to show cause why the action should not be dismissed for failure to adequately allege subject matter jurisdiction, an issue I must raise *sua sponte*. See Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). In response, plaintiff concedes that that it does not know the citizenship of the LLC defendant, but requests that the Court permit jurisdictional discovery.

---

[1] Plaintiff explains that only one defendant is an LLC and that its allegation that defendant The Laundress Inc. is an LLC was made in error.

Although I recognize that district courts have discretion to provide an opportunity to conduct jurisdictional discovery, see Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013), I am not persuaded that jurisdictional discovery is warranted in this case. Such discretion has to be carefully exercised for several reasons. First, introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided if possible. Litigation can be complex enough without introducing a preliminary round that could last months just to get to square one. Square one, the existence of diversity, should be where the case starts.

Second, a broad allowance of jurisdictional discovery would encourage speculative assertions of jurisdiction against LLCs and other unincorporated entities based on the mere hope that the facts might turn out in the plaintiff's favor. Here, plaintiff does not appear to know the identity of any, let alone all, of the members of the LLC defendant; thus plaintiff has no basis for believing that defendant is a citizen of a different state than plaintiff. It would need discovery to find out who the LLC's members are, and then potentially more discovery to ascertain each one's citizenship.

Further, this is not a case where defendants have appeared and disputed jurisdictional facts, as to which discovery might be appropriate. See Aleph Towers, LLC v. Ambit Texas, LLC, No. 12-CV-3488, 2013 WL 4517278, at *4 (E.D.N.Y. Aug. 23, 2013). Rather, it is a case where plaintiff simply does not know any jurisdictional facts about one of the defendants.

Plaintiff's citation to Gualandi v. Adams, 385 F.3d 236 (2d Cir. 2004), is not persuasive. That case concerned federal question jurisdiction – not diversity jurisdiction – as did the case the Court cited for its statement that district courts generally afford plaintiffs an opportunity to conduct discovery on jurisdictional facts. Gualandi, 385 F.3d at 244 (citing Kamen v. Am. Tel.

& Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). It thus has little to no bearing on the question of whether jurisdictional discovery should be regularly afforded to litigants seeking a federal forum on the basis of diversity of citizenship, which has been carefully circumscribed by Congress.[2]

Plaintiff states that it has "exhausted all reasonable means" for determining the LLC's members. I recognize that the combination of the statutory requirements for diversity jurisdiction and the lack of public information about ownership of unincorporated associations often makes it difficult to proceed in federal court when a case involves an LLC. However, that appears to be how Congress wants it. Congress granted a special citizenship status to corporations that could be ascertained from public records, and despite the increasing use of unincorporated entities as business vehicles over the last 30 years, Congress has not amended the diversity statute to treat such entities in the same way as corporations for general diversity purposes.[3]

Because plaintiff failed to adequately allege diversity of citizenship and I find that jurisdictional discovery is not warranted, the case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
        April 5, 2021

---

[2] In any event, the Court affirmed the district court's decision to deny further jurisdictional discovery to plaintiffs in that case.

[3] In fact, Congress has determined to treat limited liability companies like corporations for diversity purposes in one instance – under the Class Action Fairness Act. See Pub. L. No. 109-2, § 4(a), 119 Stat. 4, 9 (2005) (adding a new § 1332(d) and stating that, for purposes of that section, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").